Reed, P. J.,
delivered the opinion of the court.
Suit brought by appellee against appellants, who were sureties upon the official bond of Arthur P. Cook, formerly clerk of the district court of Mesa county, to recover certain money received by Cook officially. The claims sued for were, first, fines collected from sundry parties named, amounting to several hundred dollars, about which there is no controversy, the correctness of that portion of the judgment being apparently admitted. The controverted item of $1,047.10, will be understood from^the following papers:
“It is stipulated by and between counsel in this cause that the $1,047.00 heretofore paid into the hands of Arthur P. Cook, clerk of the district court by School District No. 1, in the case of Thomas Smith against School District No. 1, was never paid over by the said Cook to his successors in office, D. T. Stone or W. S. Wallace. It is further stipulated that the said suit of Smith against the School District was a civil suit brought by said plaintiff to recover from the School District as defendant the said sum. It is further stipulated by and between counsel in this case, that the whole record in the case of Thomas Smith against School District No. 1 may be considered as being introduced in testimony here subject to such objection as counsel for the defendant may see fit to make hereafter.”
And the record and certificate, as follows:
“Be it remembered, that heretofore and on to-wit the 11th day of October, 1892, the same being one of the judicial days of the October, A. D. 1892, term of said court, the following order was made and entered of record in said court and in the therein entitled cause as follows:
“ ‘ Thomas H. Smith, 'j vs. y
“ ‘ School District No 1. j
.“‘The court having ordered that judgment be entered herein in accordance with the verdict of the jury, now there *432 fore, it is considered by the court that tbe plaintiff do have and recover of and from the said defendant, the sum of nine hundred and ninety-two and sixty-five one-hundreths dollars ($992.65) so by the jury aforesaid assessed, together with his costs in this behalf laid out and expended to be taxed; and, it appearing to the court, from the pleadings, evidence and files in this action, that the defendant lias heretofore paid into court in said action the sum of ten hundred and forty-seven and ten one-hundreths dollars ($1,047.10) therefore it is further ordered that said moneys, or so much thereof as may be necessary to satisfy the judgment herein, shall be appropriated and used in satisfaction of said judgment.’ ■
“ State of Colorado, )
!■ ss.
“County of Mesa. )
“I, B. F. Jay, clerk of the district court of Mesa county, in the state aforesaid, do hereby certify the above and foregoing to be a true, perfect and complete copy of the judgment or order of court offered in evidence in a certain cause pending in said court wherein The People ex rel. D. T. Stone, Clerk, are plaintiff, and A. J. McCune et al., defendant.
“ And I further certify that no other or further motion, or order of the court or judge concerning said sum of money, to-wit the sum of ten hundred and forty-seven and ten one-hundredths dollars ($1,047.10), or the payment of the same into the court, or to the clerk of said court, appears of record in said cause of Smith against School District No 1.
“B. F. Jay, Clerk.”
The case was tried to the court. The finding of the court on the item in controversy was as follows: “The court doth further find that during the time the said Cook was clerk of this court he did in his official capacity and by virtue of his office receive in the case of Thos. H. Smith vs. School District No. 1 a cause there pending in this court the sum of ten hundred and forty-seven dollars ($1,047). That final judg *433 ment has been rendered in said cause and the money so received by the said clerk was by the provisions thereof directed to be applied thereon. That at the time the said clerk received said fines and at the time he received the said money in the case of Smith vs. School District No. 1 and at the time of the rendition of the judgment in said action the defendants herein were the sureties upon the official bond of said Cook as clerk of this court. That said Cook has vacated said office and failed to turn over to his successors the fines and moneys by him so received aforesaid; ” — resulting in a judgment against the defendant sureties for $1,607, from which the appeal was prosecuted. Upon the trial the foregoing record in the case of Smith vs. School District No. 1 was pub in evidence over the objection of the defendants, and an exception taken.
The supposed errors relied upon and urged by counsel are stated as follows:
“ The court erred in finding and holding that the judgment in the case of Thos. H. Smith vs. School District No. 1 for the sum of $1,047 was evidence in this case to charge the bondsmen of Arthur P. Cook, clerk, or that it was evidence for any purpose whatever.”
V. “ The court erred in ruling and finding that such judgment was evidence to charge the defendants as bondsmen on the official bond of Arthur P. Cook and in holding that said judgment was sufficient evidence to support a judgment herein against defendants for the said sum of $1,047.”
The official bond appears to be the ordinary statutory bond, containing the following provisions :
“ That if the said Arthur P. Cook shall well and faithfully perform and execute the duties of the office of clerk of the district court of Mesa county, during his continuance in office, and shall pay over all moneys that may come into his hands as clerk of the district court of Mesa county, to all persons entitled to the same; and shall deliver to his successor all moneys, books, papers, and other things pertaining to his office, which may be so required by law, then the said *434 •bond should be void, otherwise to remain in full force and effect.”
The contention of counsel is that the record of the judgment in Smith v. School District was inadmissible “ to charge the bondsmen of Arthur P. Cook ” for the following reasons: “ That the suit against School District included none of the parties to this suit, nor was it a suit against Cook. * * * To be effectual the judgment in Smith vs. School District No. 1 must have been res judicata as to the suit of People vs. McCune et als. But * * * the parties are different, the subject-matter is different, tKe equity of the parties is different, the cause of action is different. We have had no opportunity to defend against the wrongful entry of such judgment. We insist that the judgment is wrong. We insist that we are not bound by it, right or wrong, neither ourselves or Mr. Cook having been a party to the original Smith vs. School District No. 1 suit.” It is evident that counsel misapprehended the intention in introducing it and the legal effect of such introduction. Neither the intention nor effect was to charge the defendants with that judgment or in any way to make them responsible for it. Cook and his sureties had covenanted that Cook “ should pay over all moneys that came into his hands as clerk of the district court to all persons entitled to the same, and deliver to his successor all moneys, etc., pertaining -to the office.” The allegation was that this item of $1,047 came to the hands of Cook in his official capacity; that he had neither paid it to the party entitled, nor delivered it to his successor. The inquiry was as to the amount in which Cook'was indebted for which his sureties eould be held, and the judgment was put in evidence to establish that item. It was probably considered the best evidence, and certainly fixed the amount of that defalcation beyond controversy. It was not the only method of proof. Any evidence of the official receipt aud failure to pay would have been competent, and we know of no good reason why the judgment record in the case was not competent to establish the facts. Neither of the two authorities cited by coun *435 sel for appellants sustain his position. In Cooper v. Reynolds, 10 Wall. 308, the court said: “The record of this case is introduced collaterally as evidence of title in another suit, between other parties, and before a court which has no jurisdiction to reverse or set aside that judgment, however erroneous it may be. Nor can it disregard that judgment, or refuse to give it effect, on any other ground than a want of jurisdiction in the court that rendered it. * * * This principle has been often held by this court, and by all courts, and it takes rank as an axiom of the law.” See, also, Whart. on Ev., sec. 823; 2 Freeman on Judgments, sec. 417; 2 Black on Judgments, sec. 604; King v. Chase, 15 N. H. 9; Copp v. M’Dugall, 9 Mass. 1; Lee v. Clark, 1 Hill (N. Y.), 56.
The judgment of the district court is affirmed.

Affirmed.